# EXHIBIT A





WRITER'S DIRECT DIAL: (952) 236-4252
E-MAIL: AJADIN@SJJLAWFIRM.COM
REPLY TO: **Minnesota Office**

August 5, 2021

**SENT VIA CERTIFIED MAIL**

Church Mutual Insurance Company
3000 Schuster Lane
Merrill, WI 54452

Re:       Living Word Christian Center
Our File No.:  GAV-0061

Dear Sir or Madam:

Enclosed, please find Plaintiff's Cover Letter to the Department of Commerce, Summons, and Complaint served on the Minnesota Department of Commerce via certified mail pursuant to Minnesota Statute § 45.028.

Please contact our office if you have any questions. Thank you for your attention to this matter.

Very truly yours,

SMITH JADIN JOHNSON, PLLC

Alexander M. Jadin
Attorney at Law

AMJ/dro
Encs.

cc:   MN Dept. of Commerce – via certified mail



Integrity. Honesty. Tenacity.

WRITER'S DIRECT DIAL: (952) 236-4252
E-MAIL: AJADIN@SJJLAWFIRM.COM
REPLY TO: **Minnesota Office**

August 5, 2021

**SENT VIA CERTIFIED MAIL**

Minnesota Department of Commerce
Consumer Services Center
85 7th Place East, Suite 280
Saint Paul, MN 55101

Re:  *Living Word Christian Center v. Church Mutual Ins. Co.*
Our File No.: GAVN-0061

To Whom It May Concern:

Enclosed, please find the following documents for service pursuant to Minnesota Statutes § 45.028:

1. Summons
2. Complaint

Please contact our office if you have any questions. Thank you for your attention to this matter.

Very truly yours,

SMITH JADIN JOHNSON, PLLC

Alexander Jadin

Alexander M. Jadin
Attorney at Law

AMJ/dro
Encs.

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: CONTRACT |

Living Word Christian Center,

        Plaintiff,

vs.

Church Mutual Insurance Company,

        Defendant.

Court File No.: _____

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO: **Church Mutual Insurance Company, 3000 Schuster Lane, Merrill, WI 54452,**

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431.

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

SMITH JADIN JOHNSON, PLLC

Dated: August 5, 2021      By: _____
Alexander M. Jadin (#387219)
Anthony A. Remick (#398506)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
E-mail: ajadin@sjjlawfirm.com
E-mail: aremick@sjjlawfirm.com
Attorneys for Plaintiff

STATE OF MINNESOTA                                             DISTRICT COURT

COUNTY OF HENNEPIN                                   FOURTH JUDICIAL DISTRICT

                                                                                               Case Type: CONTRACT

Living Word Christian Center,                         Court File No.: _____

                Plaintiff,

v.

                                                                           **COMPLAINT**

Church Mutual Insurance Company,

                Defendant.

Plaintiff Living Word Christian Center, as and for its Complaint against Defendant Church Mutual Insurance Company, states and alleges as follows:

### PARTIES

1. Plaintiff Living Word Christian Center (hereinafter "Plaintiff") is a non-profit church of the State of Minnesota responsible for the property located generally at 9201 – 75th Avenue North, Brooklyn Park, MN 55428 ("the "Property").

2. Upon information and belief, Defendant Church Mutual Insurance Company (hereinafter "Defendant") is a foreign insurance company licensed and authorized to sell insurance and transact business in the State of Minnesota with a principal place of business located at 3000 Schuster Lane, Merrill, WI 54452.

3. Because the Property is located in Hennepin County, Minnesota, the above-named Court has jurisdiction over this matter.

## FACTS

4. At all times relevant hereto, the Property was insured under an insurance policy issued by Defendant, Policy No. XXXXXXX-XX-XX8709 ("the Policy") that insured the Property against, among other things, wind and hail.

5. On or about August 5, 2019, the Property sustained wind and hail damage ("the Loss").

6. After the Loss occurred, Plaintiff notified Defendant and reported the loss, provided Defendant with access to the Property to investigate and adjust the loss, fulfilled all of their other duties and obligations under the policy, and relied upon Defendant to honor its contractual obligations to properly adjust and pay for the loss.

## COUNT I
## Breach of Contract

7. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further state and allege as follows.

8. The Policy is a contract between Plaintiff and Defendant.

9. Plaintiff has performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums and cooperating with Defendant's investigation and adjustment of the loss.

10. Defendant has breached the Policy by failing to fully and fairly adjust and pay the loss.

11. As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $50,000, the specific amount to be determined at trial.

## COUNT II
### Declaratory Judgment

12. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

13. Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the subject Policy.

14. There is a real justiciable controversy between the Plaintiff and the Defendant over the extent to which the subject Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.

15. The provisions of the subject Policy must be construed against Defendant.

16. Plaintiff is entitled to judicial declaration that the subject Policy includes coverage for the damages arising out of the Loss, including but not limited to, the actual cash value and the replacement cost value to repair or replace materials damaged by the August 5, 2019 storm with materials of like kind and quality for like use and all necessary repairs required to meet the prevailing building code requirements.

17. Pursuant to the Policy, the appraisal clause of the Policy may be appropriate to resolve the disputed amount of loss.

18. All coverage issues that remain after the appraisal panel has an issued an award as to the disputed amount of loss shall be decided by the Court.

WHEREFORE, Plaintiff prays for judgment of the Court against Defendant for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for an amount in excess of $50,000, the exact amount to be proven at trial;

2.  An order compelling the Parties to address their remaining dispute through appraisal;

3.  An order staying this lawsuit pending the resolution of the insurance appraisal;

4.  An award of attorney's fees, costs and disbursements; and

SMITH JADIN JOHNSON, PLLC

Dated: August 5, 2021    By: *Alexander Jadin*

Alexander M. Jadin (#387219)
Anthony A. Remick (#398506)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
E-mail: ajadin@sjjlawfirm.com
E-mail: aremick@sjjlawfirm.com
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

SMITH JADIN JOHNSON, PLLC

Dated: August 5, 2021    By: *Alexander Jadin*

Alexander M. Jadin (#387219)
Timothy D. Johnson (#0394918)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
Attorneys for Plaintiff

4

