UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Living Word Christian Center, <br><br> Plaintiff, <br><br> v. <br><br> Church Mutual Insurance Company, <br><br> Defendant. | Case No. 21-CV-1976 (SRN/TNL) <br><br> **MEMORANDUM OPINION AND ORDER** |

Alexander M. Jadin, Anthony A. Remick, and Timothy D. Johnson, Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431, for Plaintiff.

Christian A. Preus, Bassford Remele, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Summary Judgment [Doc. No. 11] filed by Defendant Church Mutual Insurance Company ("Church Mutual"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

**I.   BACKGROUND**

This insurance dispute was originally filed in Minnesota state court. (*See* Notice of Removal [Doc. No. 1] ¶ 1.) Defendant properly removed it to this Court under its diversity of citizenship jurisdiction. (*Id.* ¶¶ 4–7.) Defendant then filed a motion for summary judgment on the narrow issue of whether Plaintiff's lawsuit is barred by the policy's two-

1

year limitations period. ((Letter & Stipulation Regarding Service of Summons & Compl. [Doc. No. 9] ("Stipulated Facts") at 1–2; Doc. No. 10.)   The Court recounts only the undisputed factual background and procedural history relevant to this motion.

### A.   The Parties

Plaintiff Living Word Christian Center ("Living Word") is a non-profit church registered with the State of Minnesota. (Compl. [Doc. No. 1-1] ¶ 1.)

Defendant Church Mutual Insurance Company is a foreign company that is licensed to sell insurance in the State of Minnesota. (*Id.* ¶ 2.)

### B.   The Insurance Policy

Church Mutual issued a commercial multi-peril policy to Living Word, for the policy period November 25, 2018 to November 25, 2019. (Decl. of Kayla M. Gassner [Doc. No. 14] ("Gassner Decl.") ¶ 2, Ex. 1 (the "Policy").)   Relevant here, the Policy covered certain buildings and structures against damage from wind and hail. (*See* Policy at 4–12, 130; Pl.'s Opp'n [Doc. No. 17] at 2.)   It also had a two-year limitations period from the date of loss. (Policy at 91.)

### C.   The Insurance Claim

Plaintiff has alleged that it sustained wind and hail damage to its covered property on August 5, 2019. (Stipulated Facts ¶ 1.)   The parties dispute many issues relating to that claim, and thus Plaintiff filed a lawsuit, seeking declaratory and monetary relief. (*See* Compl. ¶¶ 7–18.)

### D. Service of Process

On August 5, 2021—exactly two years after the date of loss—Plaintiff mailed a copy of the summons and complaint to the Minnesota Department of Commerce (the "Department") by certified mail. (Stipulated Facts ¶ 2.) The Department received the summons and complaint on August 11, 2021. (*Id.* ¶ 3.) Plaintiff also sent notice of the service of process to Defendant by certified mail, which was received on August 9, 2021. (*Id.* ¶¶ 5–6.) Neither the Department nor Defendant received a copy of the summons or complaint prior to these dates. (*See id.* ¶¶ 4, 6.) Lastly, Plaintiff filed an affidavit of compliance with the Court on August 19, 2021. (*Id.* ¶ 7.)

### E. Defendant's Motion

Defendant has moved for summary judgment alleging that Plaintiff's insurance claim is barred by the Policy's two-year limitations period. (Def.'s Mem. [Doc. No. 13] at 1–2.) Defendant argues that, under Minn. R. Civ. P. 3.01, a lawsuit commences when the summons is served. (*Id.* at 1, 7.) That service, Defendant continues, is governed by Rule 4.03(c), which states that service is accomplished only by "delivering" a copy of the summons to an authorized agent as designated by statute. (*Id.* at 1–2, 7–8.). Defendant also contends that "delivery" occurs when the process is *received* by the authorized agent. (*Id.* at 7–11.)

As applied here, Defendant asserts that Minn. Stat. § 45.028, subd. 2, is the statute that authorizes the Department to accept service as an agent. (*Id.* at 8.) As such, the service of process was not received, and thus not delivered under Rule 4.03(c), to the Department until August 11, 2021, six days after the limitations period ended. (*Id.* at 2, 10; *see also*

3

Stipulated Facts ¶ 3.) Accordingly, Defendant argues that Plaintiff failed to abide by Rule 4.03(c) and is thus barred from proceeding with this claim. (Def.'s Mem. at 2, 10.)

### F. Plaintiff's Opposition

Plaintiff contends that the Court should deny Defendant's summary judgment motion because it placed the summons and complaint in certified mail within the limitations period. (*See* Pl.'s Opp'n at 2, 5.) Plaintiff argues that this case does not involve personal service under Rule 4.03(c); instead, Plaintiff argues that it involves substitute service on a foreign company under Minn. Stat. § 45.028, subd. 2. (*See id.* at 2.) Under that statute, Plaintiff argues that service is accomplished "by *sending* a copy of the process to the commissioner by certified mail." (*Id.* at 3 (quoting Minn. Stat. § 45.028, subd. 2).) Plaintiff further contends that "sending" means placing the process in certified mail. (*See id.* at 2.) As applied here, Plaintiff argues that it timely served Defendant when it placed the process in certified mail on August 5, 2021. (*Id.* at 2, 5.)

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intel., Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence

and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

**B.     Analysis**

**1.     Minnesota Rule of Civil Procedure 4.03(c)**

Defendant contends that Rule 4.03(c) of the Minnesota Rules of Civil Procedure governs service of process under Minn. Stat. § 45.028, subd. 2. (Def.'s Mem. at 1–2, 10.) The Court disagrees.

Under Minnesota law, "[a] civil action is commenced against each defendant . . . when the summons is served upon that defendant." Minn. R. Civ. P. 3.01(a).[1] Rule 4 of

---

[1]     Rule 3.01 provides that a lawsuit may also commence "at the date of signing of a waiver of service pursuant to Rule 4.05," or "when the summons is delivered for service to

the Minnesota Rules of Civil Procedure generally outlines how service is made in Minnesota. *See generally* Minn. R. Civ. P. 4. Specifically, Rule 4.03 governs "personal service" that occurs "within the state." Minn. R. Civ. P. 4.03. Under that rule, a domestic or foreign corporation may be served within the state "by delivering a copy to an officer or managing agent, or to any other agent . . . designated by statute to receive service of summons." Minn. R. Civ. P. 4.03(c).

Minnesota courts distinguish between "personal service" and "substitute service." *See, e.g.*, *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014) (explaining the differences between personal service and substitute service); *Thomas v. Hector Const. Co.*, 12 N.W.2d 769, 774 (Minn. 1943) (same). Personal service "ordinarily means actual delivery of the process to the defendant in person." *Hector Const.*, 12 N.W.2d at 774. Substitute service, on the other hand, "is a substitute for service on the defendant," and under the law, "[i]t is just as good as personal service, but it is, nevertheless, a substitute." *Id.* It is common for statutes to provide for substitute service. *See, e.g.*, Minn. Stat. § 45.028, subd. 2; § 144E.19(c), subd. 3(c); § 303.13, subd. 1. And substitute service commences a lawsuit. *See Meeker v. IDS Prop. Cas. Ins. Co.*, 862 N.W.2d 43, 44–45 (Minn. 2015) (finding that the lawsuit was timely commenced by substitute service under Minn. Stat. § 45.028, subd. 2); *Wuertz v. Garvey*, 178 N.W.2d 630, 631 (Minn. 1970) (confirming that substitute service was sufficient under Minn. Stat. § 303.13).

---

the sheriff in the county where the defendant resides personally . . . ." Minn. R. Civ. P. 3.02(b), (c). These other situations are not relevant to this case.

Central to this dispute is the substitute service created by Minn. Stat. § 45.028, subd. 2, which provides as follows:

> Service of process under this section may be made by leaving a copy of the process in the office of the commissioner, or by sending a copy of the process to the commissioner by certified mail, and is not effective unless: (1) the plaintiff . . . sends notice of the service and a copy of the process by certified mail to the defendant or respondent at the last known address; and (2) the plaintiff's affidavit of compliance is filed in the action or proceeding on or before the return day of the process, if any, or within further time as the court allows.

Minn. Stat. § 45.028, subd. 2.

*Meeker* is the only case where the Minnesota Supreme Court has interpreted Minn. Stat. § 45.028, subd. 2. In *Meeker*, the court explained that Minn. Stat. § 45.028, subd. 2, is a "substitute[]-service statute" that "allows the Commissioner of Commerce to accept service of process for foreign companies." *Id.* at 45. The court further explained that "the plain language of section 45.028, subdivision 2, provides that service of process is made, and therefore, *an action is commenced*, when a plaintiff sends a copy of the process to the Commissioner of Commerce by certified mail." *Id.* at 47 (emphasis added). Because substitute service is sufficient to commence a lawsuit, the court did not find it necessary to analyze whether personal service was accomplished under Rule 4.03(c). *See id.* at 47 (explaining that Minn. Stat § 45.028, subd. 2, creates "an alternative mechanism for how process may be served on certain out-of-state defendants").

Here, Plaintiff accomplished substitute service on Defendant under Minn. Stat. § 45.028, subd. 2, by sending the process in certified mail to the Department. Like in *Meeker*, the lawsuit began when substitute service was accomplished, and no analysis of

7

Rule 4.03(c) is required. Simply put, Rule 4.03(c), which governs personal service within Minnesota, has no bearing on substitute service of a foreign company under Minn. Stat. § 45.028, subd. 2.

Moreover, the Minnesota Supreme Court has held that service of process under Rule 4.03 does not include service by mail pursuant to Rule 4.05. *Melillo v. Heitland*, 880 N.W.2d 862, 863 (Minn. 2016) ("[S]ervice of process via certified mail does not constitute personal service under Minn. R. Civ. P. 4.03."). It makes little sense, therefore, to hold that Rule 4.03(c) applies to substitute service by certified mail. And courts routinely find substitute service appropriate without analyzing Rule 4. *See Meeker*, 862 N.W.2d at 46–48 (stating that service may be accomplished under Minn. Stat. § 45.028, subd. 2, without discussing Rule 4); *Eischen Cabinet Co. v. Hildebrandt*, 683 N.W.2d 813, 816 (Minn. 2004) (analyzing whether service was accomplished under Minn. Stat. § 514.08, subd. 1, without analyzing Rule 4); *In re Estate of Kotowski*, 704 N.W.2d 522, 527 (Minn. Ct. App. 2005) (analyzing whether service was accomplished under Minn. Stat. § 524.3–801(c), without analyzing Rule 4); *Har-Ned Lumber Co. v. Amagineers, Inc.*, 436 N.W.2d 811, 815 (Minn. Ct. App. 1989) (analyzing the same under Minn. Stat. § 514.08, subd. 1, without analyzing Rule 4).

For these reasons, the Court finds that the requirements of personal service under Minn. R. Civ. P. 4.03(c) do not apply when serving a foreign company under Minn. Stat. § 45.028, subd. 2.

## 2. The Plain Language of Minn. Stat. § 45.028, Subd. 2

Alternatively, Defendant argues that the word "sending," as used in Minn. Stat. § 45.028, subd. 2, means the same thing as "delivering," as used in Rule 4.03(c), and therefore asserts that service was not accomplished until the Department received the process. The Court is not persuaded.

Under Minnesota law, "[t]he goal of statutory interpretation is to effectuate the intent of the Legislature." *State Farm Mut. Auto. Ins. Co. v. Lennartson*, 872 N.W.2d 524, 529 (Minn. 2015) (citing Minn. Stat. § 645.16). "When the Legislature's intent is clear from the unambiguous language of a statute," Minnesota courts "interpret the statute according to its plain meaning." *Id.* However, if the statute is ambiguous, courts may consider "other factors to ascertain the Legislature's intent." *Id.*

The Court first addresses the meaning of the word "sending." The dictionary definition of the word "send" includes "to cause to go" or "to cause to be carried to a destination."[2] *Send*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/sending (last visited Apr. 19, 2022). This definition confirms that "sending," which is simply the gerund form of send, refers to the initial act of causing something to go. Applied here, the word "sending" refers to the initial act of placing the process in the mail—not the receipt of it. Accordingly, the Court finds that the plain

---

[2] The words "sending" and "send" share the same underlying definition because "[t]hey are merely different syntactical forms of the same word." *State v. Schmid*, 859 N.W.2d 816, 821 (Minn. 2015) ("A gerund is traditionally understood as a word *derived from a verb base* . . . ." (internal quotation marks omitted)).

language of the statute establishes that service is accomplished upon placing the process in certified mail.

Moreover, the Minnesota Legislature used different words in Rule 4.03(c) and Minn. Stat. § 45.028, subd. 2, which means the Court presumes that they have different meanings. *Prospect ECHN, Inc. v. Winthrop Res. Corp.*, 106 UCC Rep. Serv. 2d 286, 2021 WL 5086274 (D. Minn. Nov. 2, 2021) (" 'When the Legislature uses different words, we normally presume that those words have different meanings.' " (quoting *Nelson v. Schlener*, 859 N.W.2d 288, 294 (Minn. 2015)). And Defendant has not rebutted the presumption in this case. Similarly, as explained above, the Minnesota Supreme Court has held that Rule 4.03 has nothing to do with service of process by mail, which means that the definition of "delivery," as used in Rule 4.03, gives no insight into the meaning of "sending" by certified mail in Minn. Stat. § 45.028, subd. 2. *See Melillo*, 880 N.W.2d at 864 ("[S]ervice by mail is not personal service, and personal service is not service by mail."); *cf.* Minn. Stat. § 514.06 (explaining that "service may be made by personal service or by certified mail.").

What is more, Defendant argues that the word "leaving," which is also used in Minn. Stat. § 45.028, subd. 2, means "delivering." (*See* Def.'s Mem. at 10 n.5 ("Under Minn. Stat. § 45.028, subd. 2, service of process can be accomplished by either leaving (*i.e. delivering*) a copy of the process with the Commissioner's office or sending the process by certified mail.").) But if "leaving" means "delivering," then "sending" cannot also mean "delivering," otherwise, the word "sending" would be surplusage. *See State v. Thonesavanh*, 904 N.W.2d 432, 437 (Minn. 2017) ("Such a construction would violate the

10

canon against surplusage, which favors giving each word or phrase in a statute a distinct, not an identical, meaning."). Accordingly, the Court finds that "sending" does not mean "delivering," as used in Rule 4.03(c).

In urging the Court to reach a different result, Defendant argues that by requiring the process to be sent by "certified mail," the legislature revealed its intent that "sending" means "delivering." (Def.'s Reply [Doc. No. 24] at 8.) This is because, Defendant contends, certified mail has a section titled, "Complete This Section On Delivery." (*Id.*) This argument is not supported by the caselaw.

For example, the Minnesota Supreme Court has held that service by certified mail is effective upon mailing.[3] *Eischen Cabinet*, 683 N.W.2d at 818. In *Eischen Cabinet*, the court explained that " 'certified mail' is trademarked by the United States Postal Service and is a method of sending mail in which the sender receives 'a receipt stamped with the date of mailing.' " *Id.* at 816. The court further noted that "[f]or an additional fee, a sender can request delivery verification, through the use of a 'return receipt.' " *Id.* Inherent in this explanation is the court's recognition that the sending of certified mail is distinguishable from the receipt of certified mail. *See id.* And the court held that service

---

[3] Whether service is *accomplished* and whether service is *effective* are two different legal questions. However, service cannot be effective prior to it being accomplished. Accordingly, cases discussing when service is effective give a helpful timeline where, as here, the Court must determine when service by certified mail is accomplished.

11

by certified mail of a mechanics' lien claim statement was effective upon mailing, not upon receipt. *Id.* at 818.[4]

For these reasons, the Court concludes that Plaintiff timely completed substitute service under Minn. Stat. § 45.028, subd. 2, when it placed the process in certified mail on August 5, 2021. Therefore, Plaintiff is not barred by the Policy's two-year limitations period.

## III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Church Mutual Insurance Company's Motion for Summary Judgment [Doc. No. 11] is **DENIED**.

Dated: April 26, 2022

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[4]  The *Eischen Cabinet* court also noted that it is "consistent with general legal theories" for "service by certified mail [to be] effective upon mailing." *Eischen Cabinet*, 683 N.W.2d at 818 (citing 66 C.J.S. Notice § 30(a) ("[W]here a statute specifies that a person shall be notified by particular means, *such as certified or registered mail, notice is effective when deposited in the mails*." (emphasis in original))); *cf.* Minn. R. Civ. P. 5.02 ("Service by mail is complete upon mailing."); *Hoff v. Nw. Elevator Co.*, 139 N.W. 153, 154 (Minn. 1913) ("[W]hen the paper is properly mailed the service is complete; the risk of failure of the mail is on the person to whom it is addressed.").